■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL THOMAS, Appellant.—Appeals by defendant from two judgments of the County Court, Nassau County, both rendered March 26, 1976, convicting him of burglary in the second degree and grand larceny in the second degree (Indictment No. 29627), and burglary in the third degree and petit larceny (Indictment No. 33236), upon pleas of guilty, and imposing sentences and a third judgment of the same court, rendered May 24, 1976, upon resentence, convicting him of burglary in the first degree, grand larceny in the third degree and assault in the second degree (Indictment No. 27225), upon a jury verdict, and imposing sentence. Two judgments rendered March 26, 1976, affirmed. Judgment rendered May 24, 1976, upon resentence, modified, on the law, by reversing the conviction of assault in the second degree and the sentence imposed thereon, and said count is dismissed. As so modified, judgment affirmed. The People concede that the defendant is correct in contending that the conviction of burglary in the first degree as here charged (causing serious physical injury to a nonparticipant in the crime [Penal Law, § 140.30, subd 2]) requires dismissal of the count of assault in the second degree as an inclusory concurrent count, where the offense charged is causing physical injury to a nonparticipant during the commission of a felony (Penal Law, § 120.05, subd 6; see CPL 300.30, subd 4; 300.40, subd 3, par [b]). We have carefully examined the defendant's other contentions and find them to be without merit. Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VELEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 9, 1978, convicting him of attempted petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant's guilt was not established beyond a reasonable doubt. Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.